# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

JEFFERY R. COLBERTH,          )
#244635,                      )
                              ) CIVIL ACTION NO. 9:09-1621-JFA-BM
            Petitioner,       )
                              )
v.                            )
                              )
WARDEN, PERRY                 )   **REPORT AND RECOMMENDATION**
CORRECTIONAL INSTITUTION,     )
                              )
            Respondent.       )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on June 12, 2009.[1]

The Respondents filed a return and motion for summary judgment on September 25, 2009. As the Petitioner is proceeding pro se, a Roseboro order was filed on September 30, 2009, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Thereafter, on October 13, 2009, the Petitioner filed his own motion for summary judgment and a memorandum in opposition to Respondent's motion for summary judgment. Petitioner submitted additional materials on March 22, 2010.

These motions are now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The parties have both filed motions for summary



**Procedural History**

Petitioner was indicted in November 2002 in Berkeley County for murder (Indictment No. 02-GS-08-1889). (R.pp. 512-513).[3] Petitioner was represented by Chief Public Defender Michael A. Brown, Esquire, and Assistant Public Defender Debbie Littlejohn, Esquire. After a trial by jury on November 18-20, 2002, Petitioner was found guilty of murder; (R.p. 452); and was sentenced to life imprisonment. (R.p. 457).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Robert M. Dudek, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who filed an Anders [4] brief raising the following issue:

> Whether the court erred by refusing to suppress appellant's statement where appellant testified Detective Roach threatened to arrest his daughter and anyone else who assisted him in fleeing, since a confession extracted by a threat is inadmissible?

See Petition, p. 3.

Petitioner also filed a pro se Anders brief, in which he raised the following additional issues:

> Whether the trial court erred by failing to dismiss this indictment because of the preindictment delay when it seen that the Defendant had suffered an actual prejudice as a result of this preindictment delay . . . . .

---

judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[3] This was a non-capital murder case.

[4] Anders v. California, 386 U.S. 738 (1967). Anders requires that appointed counsel who seeks to withdraw because no nonfrivolous issues exist for review must submit a brief referencing anything in the record that arguably could support an appeal; a copy of that brief must be furnished to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct an independent and complete examination of the proceedings to determine if further review is merited. See Anders, 386 U.S. at 744. See also Johnson v. State, 364 S.E.2d 201 (S.C. 1988).



> Whether the trial court erred by ruling that the Defendant's statement was freely and voluntarily given without first taking into consideration the effects that sleep deprivation would have on the voluntariness of that statement . . . . .
>
> Whether the trial court's failure to take action against the Solicitors continual material mis-statements of facts denied Appellant's right to a fair trial . . . . .

See Petition, p. 3.

The South Carolina Court of Appeals denied the Petition and affirmed Petitioner's convictions and sentences on October 14, 2004. State v. Colberth, Unpubl.Op.No. 2004-UP-519 (S.C.Ct.App. 2004). The Remittitur was sent down on December 21, 2004.

Petitioner filed an Application for Post-Conviction Relief ("APCR") on December 20, 2004. (R.pp. 514-521). Petitioner was represented in his APCR by Eric M. Johnsen, Esquire, who filed a first amended petition raising the following issues:[5]

> 1. Ineffective assistance of counsel in that trial counsel did not challenge the validity of the indictment; and in the alternative, did not challenge the subject matter jurisdiction of the Court. See S.C. Code Ann. § 17-19-30 (Law. Co-op. 1976).
>
> 2. Ineffective assistance of counsel in that trial counsel did not have Plaintiff examined by an expert to determine if he was competent to stand trial or otherwise assist in his defense.
>
> 3. Ineffective assistance of counsel in that trial counsel failed to call character witnesses on his behalf.
>
> 4. Ineffective assistance of counsel in that trial counsel failed to impeach state's witness Lavonia Baker.

(R.p. 524).

Petitioner's counsel also submitted a second amended application raising the same issues except for

---

[5] In the section of the original Petition referring to the issues being raised in his petition, Petitioner wrote "see memorandum". (R.p. 516) However, there does not appear to be a copy of this memorandum in the record.



3

issue three, which was amended as follows:

> 3. Ineffective assistance of counsel in that trial counsel failed to call character *and/or alibi* witnesses on his behalf.

(R.p. 526)[Emphasis Added].

In a third amended Petition, Petitioner's counsel raised the following additional issue:

> Ineffective assistance of counsel for failure to provide mitigation evidence at sentencing.

(R.p. 528).

Subsequently, in a memorandum filed by counsel in support of Petitioner's APCR, the following claims were briefed and discussed:

> **Ground One:** Ineffective Assistance of Counsel for failure to have Petitioner examined by an expert to determine if he was competent to stand trial.
>
> **Ground Two:** Ineffective Assistance of Counsel for failure to investigate and advance a potential insanity defense.
>
> **Ground Three:** Ineffective Assistance of Counsel for failure to provide mitigation evidence during Petitioner's sentencing.

(R.pp. 548-551).

An evidentiary hearing was held on November 6, 2006, at which Petitioner was present and represented by Mr. Johnsen. (R.pp. 613-684). On December 21, 2006, the PCR judge entered an order denying the petition in its entirety. (R.pp. 715-725). Petitioner's counsel then filed a motion for reconsideration; (R.pp. 726-730); which was denied. (R.p. 731).[6]

---

[6]Petitioner argued in his motion to reconsider, inter alia, that the Court erred by failing to find ineffective assistance of counsel for failure to present mitigating evidence at sentencing. The Court denied the motion, finding that Petitioner had failed to present evidence to show he would have successfully maintained a defense based on a prior mental health history. (R.p. 731). In Petitioner's PCR appeal, his counsel argued that the PCR court failed to address the mitigation issue in his order denying the motion to reconsider. See Writ of Certiorari, pp. 6-7. Although other grounds were also



Petitioner appealed the denial of his APCR, and Kathrine Hudgins, Appellate Defender for South Carolina Commission on Indigent Defense, was appointed to represent him. Hudgins filed a writ and raised the following issues:

> 1) Did the PCR judge err in refusing to find counsel ineffective in failing to learn that the applicant had a history of psychiatric problems and for failing to subpoena and use at sentencing, as mitigation, medical records reflecting applicant's history of psychiatric problems, sexual abuse and drug abuse?
>
> 2) Did the PCR judge err in refusing to find counsel ineffective in failing to have the applicant examined by an expert to determine if he was competent to stand trial and otherwise assist in his defense?

See Petition, p. 2.

The South Carolina Supreme Court denied certiorari in an unpublished order filed July 10, 2008. See Order filed July 10, 2008. The Remittitur was issued on July 28, 2008.

In his pro se Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following claims:

1. Lack of subject matter jurisdiction in that indictment lacked essential elements, in violation with 14th amendment to due process;

2. Ineffective assistance of counsel failure to have applicant examined by expert to determine if he was competent to stand trial;

3. Ineffective assistance of counsel in failing to provide and/or investigate to present mitigating evidence and advance an insanity defense;

4. Ineffective assistance of counsel in that counsel failed to call character witnesses and alibi witness, also failed to impeach states witness;

---

raised in the motion to reconsider, the undersigned references this ground because it was presented in Petitioner's PCR appeal and is raised in his federal petition. The Respondent has not argued that this claim is procedurally barred based on the PCR court's failure to address the issue, and the undersigned has therefore discussed it on the merits.

5



5. Ineffective assistance of counsel in failing to challenge the indictments defects prior to the jury being sworn; and

6. Ineffective assistance of appeal counsel in failing to raise all possible meritorious issues so they could be reviewed by the Supreme Court.

See Petition, pp. 6-11 and attachments.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

Respondent initially argues that Ground One, part of Ground Three, and Grounds Four through Six are all procedurally barred from consideration by this Court for not having been properly pursued and exhausted by the Petitioner in state court. The undersigned agrees.[7]

---

[7] With regard to Ground Two and the part of Ground Three dealing with mitigating evidence, the Respondent does not dispute for purposes of its motion that these issues were raised in Petitioner's APCR and his appeal, and are properly exhausted. See also Footnote 6, supra. These issues are therefore discussed separately on the merits. See discussion, infra.



After careful review of the state court filings, the undersigned finds that, with regard to Ground One, Petitioner did not raise this issue by objecting to the indictment prior to the jury being sworn. Cf. State v. Gentry, 610 S.E.2d 494, 500 (S.C. 2005); see also (R.pp. 1-83). Furthermore, this matter was not presented as an issue in Petitioner's direct appeal in the Anders brief or Petitioner's pro se brief. Although Petitioner did mention dismissal of his indictment in his pro se brief, the issue being addressed was "whether the trial court erred by failing to dismiss this indictment because of the preindictment delay when it seen that the Defendant had suffered actual prejudice as a result of this preindictment delay . . . .". See Pro Se Brief, p. 3. That is not the claim presented here, which is that the indictment did not set forth the proper elements for the charged offense. Cf. Petition, at p. 6, with Pro Se Appeal Brief, at pp. 5-10; see Rule 208(b)(1)(B)[ordinarily no point will be considered that is not set forth in the statement of issues on appeal]; Cf. Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

While Petitioner did raise this issue in his APCR and it was ruled on by the PCR judge; (R.pp. 716, 719-720); in his motion to reconsider, Petitioner contended that the PCR court used an incorrect statement of the law since it cited the current law rather than the law in November of 2002, when Petitioner was tried. (R.p. 726). However, Petitioner did not raise and preserve this claim in his PCR appeal. See Petition, p. 2. With regard to the part of Ground Three referring to an

7



insanity defense, this issue was also not raised in Petitioner's PCR appeal,[8] nor were Grounds Four and Five of the Petition. As for Ground Six, Petitioner did not raise this issue in either his APCR or in his PCR appeal.

Therefore, since the Petitioner did not properly raise and preserve these issues at trial, in direct appeal, his APCR, and/or his petition for certiorari in his PCR appeal, they are barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there are no current state remedies for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state

---

[8]The issue presented in Ground 1 of the PCR appeal was whether Petitioner's psychiatric history should have been used in mitigation at sentencing, while the issue presented in Ground 2 was whether Petitioner was competent to stand trial. Petition, p. 2. See Joseph v. Angelone, 184 F.3d at 328.



court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not properly pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Here, Petitioner has not shown any cause for his failure to pursue these issues at trial (with respect to Ground One), his direct appeal (with respect to Ground One), in his APCR (with respect Ground Six), and his PCR appeal (with respect to Grounds One, Three [dealing with insanity defense], Four, Five, and Six). Although Petitioner references "cause" in his motion for summary judgment (which the undersigned also considered as his opposition to Respondent's motion), he does not make any specific argument with respect to a cause for the failure to properly pursue these claims.

Finally, since it is arguable that Petitioner is raising a claim of ineffective assistance of appellate *PCR* counsel in Ground Six, rather than his direct appeal counsel, that would not be a claim that could have been exhausted in his APCR itself. However, even if Petitioner intended to argue cause for his procedural default was that his PCR counsel was ineffective for failing to pursue or properly preserve these claims in APCR appeal, this argument would also not provide Petitioner

9



relief.⁹ The United States Supreme Court has held that "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State . . . Ineffective assistance of counsel, then, is cause for procedural default." Murray, 477 U.S. at 488; see also Coleman v. Thompson, supra; McCleskey v. Zant, 499 U.S. 467, 494 (1991); Noble v. Barnett, 24 F.3d 582, 586, n.4 (4th Cir. 1994)("[C]onstitutionally ineffective assistance of counsel is cause per se in the procedural default context"); Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994)(en banc). However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998); Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Hence, this argument would fail to show the necessary "cause" for a procedural default because, to the extent that Petitioner is claiming that his PCR counsel did not properly pursue and exhaust these claims, ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for a procedural default. Murray v. Giarratano, 492 U.S. 1-7, 13 (1989) [O'Connor, J., concurring] [ "[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; Mackall v. Angelone, 131 F.3d 442, 447-449 (4th Cir. 1997); Ortiz, 149 F.3d at 932; Pollard v. Delo, 28 F.3d

---

⁹This analysis would apply to Petitioner's PCR counsel (with respect to Ground Three), as well as to PCR appellate counsel.



887, 888 (8th Cir. 1994); Lamp v. State of Iowa, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); Parkhurst v. Shillinger, 128 F.3d 1366, 1371 (10th Cir. 1997); Williams v. Chrans, 945 F.2d 926, 932 (7th Cir. 1992); Gilliam v. Simms, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

Accordingly, Petitioner has failed to show cause for his procedural default on these issues. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. Further, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if these claims are not considered. Wainwright v. Sykes, supra; Murray v. Carrier, 477 U.S. 478 (1986); Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Therefore, these claims are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

## II.

Petitioner contends in Ground Two of his Petition that his counsel was ineffective for failing to have him examined by an expert to determine if he was competent to stand trial, and in the part of Ground Three that is properly before the Court, Petitioner contends that his counsel was ineffective for failing to provide and/or investigate his psychiatric history to present as mitigating evidence at his sentencing.

Ground Two was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied,



474 U.S. 1094 (1986). The PCR court rejected Ground Two, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended.[10] See Colberth v. State of South Carolina, No. 04-CP-08-2641. After detailing the testimony presented, the PCR judge found: 1) that to sustain a claim that counsel was ineffective for failing to request a competency hearing, Petitioner must show a reasonable probability that he would have been found incompetent at the time of his trial/guilty plea; 2) to be competent to stand trial, the accused must have the present ability to consult with his attorney with a reasonable degree of rational understanding and he must have a rational as well as a factual understanding of the proceedings against him; 3) both trial counsel testified that they did not have problems communicating with the Petitioner and that they believed he was competent to proceed; 4) that no evidence was shown to support the Petitioner's claim that he was incompetent; 5) the medical records entered were from 1997 (four years prior to the alleged crime) and did not diagnose the Petitioner with any specific mental disease or defect; 6) further, although testimony was presented by the Petitioner's ex-wife and aunt, neither witness provided this information to trial counsel; 7) trial counsel cannot be held ineffective for failing to pursue information that is not provided to them; 8) trial counsel was reasonable in relying on the Petitioner's own information regarding his mental health history, namely that he had none; 9) this Court relies on counsels' testimony that they had no trouble communicating with the Petitioner and that they believed him to be competent; and 10) Petitioner has failed to show

---

[10] As previously discussed, the PCR judge did not specifically rule on the remaining issue in Ground Three, dealing with investigating and presenting evidence concerning Petitioner's mental history as mitigating evidence. See discussion, supra. However, since numerous factual findings dealing with counsel's alleged ineffectiveness in Ground Two also pertain to the allegations in Ground Three (concerning Petitioner's mental history and counsel's knowledge or lack of knowledge of such history), those factual findings are also relevant with regard to Ground Three's allegation concerning mitigating evidence.



that counsel's actions were outside the realm of reasonable performance or that any prejudice resulted from the lack of evaluation. (R.pp. 716, 722-723).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d. 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claims were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000). Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted



in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"]. Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Mazzell, 88 F.3d at 269. After careful review of the Petition and the record presented to this Court, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

**Ground Two:** With respect to Petitioner's claim that his counsel failed to have him examined by an expert to determine if he was competent to stand trial, this was the issue raised in his PCR appeal and rejected by the South Carolina Supreme Court.

14



The record reflects that Petitioner's medical records from 1997 from the Berkeley County Mental Health Center and the Bryan Center, a psychiatric hospital, were entered into evidence at Petitioner's PCR hearing. (R.pp. 618-624). Petitioner did not testify at his PCR hearing, but his aunt testified that Petitioner had lived with her off and on when he was growing up and that he had been abused as a child, sometimes heard voices, and had difficulty sleeping. (R.pp. 626-627). However, although she spoke with Petitioner's counsel on a couple of occasions, she conceded that she did not tell his counsel that Petitioner had been abused as a child or that he had mental problems, nor did they ask her. (R.pp. 629-631). Petitioner's ex-wife testified that Petitioner had a lot of problems, and that she had tried to get him to go to the mental health clinic to get assistance with his drug use and hearing voices and seeing things that were not there. (R.pp. 632-633). However, she never talked to Petitioner's counsel. (R.p. 635).

Petitioner's counsel, Ms. Littlejohn, testified that she had no recollection of relatives ever telling her Petitioner suffered from a mental illness or that he was not guilty due to a mental illness, that she most likely would have asked for an evaluation if they had, that she also spoke with Petitioner's aunt on several occasions, but that she didn't recall anything about any mental health issues coming up. (R.pp. 637-638, 640, 642). She was also unaware of any psychiatric history from 1997. (R.pp. 642-643). Ms. Littlejohn testified that she did not recall the Petitioner having any communication problems and that he was able to assist in the defense of his case. (R.pp. 651-652).

Petitioner's counsel Brown testified that he obtained a master of laws in psychiatry-criminal law  psychiatry and criminology, that he has handled forty to fifty murder cases and had several cases resolved, including two not guilty verdicts, based on mental issues or arguments, and that he is fairly sensitive to that type of issue in his cases. (R.pp. 653-654). Brown testified that

15



Petitioner did not tell him he was suffering from any mental illness at the time of the crime, and that if there had been any indication of mental problems "either observed or in communication with the individual or others or being brought to [his] attention, [his] practice would have been to pursue any medical records, to pursue evaluation." (R.pp. 654-655). However, Brown did not recall any indication of any mental problems with respect to the Petitioner. (R.p. 655). Brown also testified that he did not recall any problems communicating with the Petitioner and that Petitioner was able to assist in the defense of his case. (R.p. 657). Brown then testified that neither Petitioner or his aunt ever relayed any of Petitioner's mental history to him. (R.pp. 660, 662). Finally, Brown testified that his firm's interview sheet includes questions regarding physical and mental health, and there was no indication on the interview sheet of any physical or mental medical history being noted. (R.pp. 663-664).

Based upon a review of the record, the state PCR court found that Petitioner had no problems communicating with counsel and was able to assist in his defense. The state court's crediting of counsels' testimony, without any additional persuasive evidence of any reason that counsel should have suspected that Petitioner had any past mental problems, is not unreasonable. Cf. Walker v. McNeil, No. 07-172, 2009 WL 6337967 at *8 (N.D.Fla. Aug. 10, 2009); Medina v. McGi7nnis, No. 04-2515, 2004 WL 2088578 at **15-17 (S.D.N.Y. Sept. 20, 2004). Hence, Petitioner has not shown his counsel was deficient for failing to pursue whether he was competent to stand trial, nor has he shown the necessary prejudice with regard to this claim. Evans, 220 F.3d at 312; Williams v. Taylor, supra; Strickland v. Washington, supra

**Ground Three (mitigating evidence issue):** Petitioner also contends that his counsel was ineffective for failing to present evidence of his psychiatric history as mitigating evidence. As



previously discussed, Petitioner's counsel was not aware of his past psychiatric problems and had no reason to suspect that Petitioner had a history of any mental illness or abuse. See discussion, supra. Petitioner assisted in his defense, and the record reflects that he never brought any mental issue to the attention of his counsel or gave them any reason to suspect the same. Furthermore, Petitioner's aunt, who helped raise the Petitioner, talked with counsel on several different occasions about the case and was aware of these alleged facts, but also never mentioned any of these matters to counsel. See discussion, supra.

Petitioner has failed to show that his counsel was ineffective on this basis, and based upon a review of the record and applicable caselaw, the undersigned does not find that the state court's rejection of this claim was unreasonable. Evans, 220 F.3d at 312. This issue is without merit and should be dismissed. See 28 U.S.C. § 2254(d)(1) and (2); Williams v. Taylor, supra.

## **Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, that Petitioner's motion for summary judgment be **denied**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 30, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

