UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey R. Colberth, #244635, | C/A No. 9:09-1621-JFA-BM |
| Petitioner, | |
| v. | **ORDER** |
| Warden, Perry Correctional Institution, | |
| Respondent. | |

The pro se petitioner, Jeffrey R. Colberth, is an inmate at the South Carolina Department of Corrections serving a life sentence upon his state conviction for murder. He has filed a petition pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody in violation of the United States Constitution due to ineffective assistance of counsel. He also claims that the State did not have subject matter jurisdiction and that his due process rights were violated. Specifically, Petitioner raises the following grounds in his habeas petition:

1. Lack of subject matter jurisdiction in that the indictment lacked essential elements, in violation of 14th amendment due process;

2. Ineffective assistance of counsel for failing to have the petitioner examined by an expert to determine whether he was competent to stand trial;

3. Ineffective assistance of counsel for failing to investigate, present mitigating evidence, or advance an insanity defense;

4. Ineffective assistance of counsel for failing to call character and alibi witnesses and failing to impeach the state's witnesses;

5. Ineffective assistance of counsel for failing to challenge the indictment's defects prior to the jury being sworn;

1

6. Ineffective assistance of appellate counsel for failing to raise all possible meritorious issues to the Supreme Court.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the respondent's motion for summary judgment[2] be granted, that the petitioner's motion for summary judgment be denied, and that the petition be dismissed with prejudice. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 30, 2010. On August 11, 2010, the petitioner notified the Clerk's Office of his change of address. The Report was re-mailed to the petitioner on August 12, 2010. As of the date of this order, September 9, 2010, no objections have been filed, and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion with a memorandum in opposition and his own motion for summary judgment.

(4th Cir. 1983).

## I. Procedurally Barred Grounds

The Magistrate Judge concurs with the respondent's contention that Ground One, part of Ground Three, and Grounds Four through Six are procedurally barred from consideration by this Court for not having been properly exhausted in state court.

Petitioner did not raise Ground One by objecting to the indictment prior to the jury being sworn. He also failed to raise the issue in his direct appeal. Although he did raise Ground One in his PCR, Petitioner did not preserve the claim in his PCR appeal.

Petitioner failed to raise the part of Ground Three regarding an insanity defense, Ground Four, and Ground Five in his PCR appeal. He did not raise Ground Six in either his PCR or his PCR appeal.

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law or prove that failure to consider the claims will result in a fundamental miscarriage of justice." Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008) (quoting McCarver v. Lee, 221 F.3d 583, 588 (4th Cir. 2000)). Petitioner has not shown any cause for failing to previously raise these issues, so this Court dismisses them.

## II. Merits Analysis

In Ground Two, Petitioner alleges that his counsel was ineffective for failing to have

him examined by an expert to determine whether he was competent to stand trial. This issue was rejected by the PCR judge and the South Carolina Supreme Court in his PCR appeal. Although state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. Strickland v. Washington, 466 U.S. 668, 698 (1984). Based on its review of the record, particularly counsel's testimony that they were never told of any mental problems, this Court finds that Petitioner has failed to meet his burden of proving that trial counsel was ineffective for failing to have him examined.

In part of Ground Three, Petitioner alleges that his counsel was ineffective for failing to present his psychiatric history as mitigating evidence at his sentencing. Although the PCR judge did not rule on this specific issue, the claim is without merit because Petitioner has failed to show that his counsel knew or should have known of any mental illness. Therefore, this claim is dismissed.

## III. Conclusion

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, the respondent's motion for summary judgment is granted, the petitioner's motion for summary judgment is denied, and the petition is dismissed with prejudice.

The court declines to grant petitioner a certificate of appealability in this matter.[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

September 9, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).